STATE v. HENRY C. PARROTT and others.

The defendants are guilty of no offence in tearing down a portion of
the Railroad bridge over Neuse river below Kingston, when by so
doing they were removing obstructions to the free navigation of that
river.

(*State* v. *Dibble,* 4 Jones, 107, cited and approved.)

INDICTMENT for a trespass in tearing down a portion of a
Railroad bridge, tried before *Clarke, J.,* at the Spring Term,
1874, of LENOIR Superior Court.

On the trial in the Court below, the jury found the follow-
ing special verdict:

" That the track of the Atlantic & N. C. Railroad Co.,
which company had been duly incorporated and organized un-
der the laws of North Carolina, crossed the Neuse river a few
miles below the town of Kinston, in the county of Lenoir, the
said river being there a navigable stream. That at said place
of crossing, and as a part of its track, the said company had
erected a bridge across said river. That the defendants were
owners, officers and employees of a steamboat of thirty-seven
tons burden, running between the city of Newbern, a port on
said river, and the town of Kinston aforesaid. That on the
day named in the bill of indictment, the defendants' boat
loaded with goods to be delivered at Kinston, reached the said
bridge on her way from Newbern to Kinston, and finding it
could not pass further up the stream without removing a part
of the bridge, the defendants did remove a part thereof, there-
by injuring and removing a portion of the track and rails as
charged in the indictment; that said bridge had no draw in it,
although by its charter the said company was required to have
a draw in said bridge. That said company had been notified
several months before that said boat would be placed on said
river for navigation, and had been requested at the same time
to place a draw in said bridge. That prior to the day named
in the indictment, the said boat had passed the bridge eight

times, the company taking up a span of the bridge each time to enable her to do so ; that she was delayed each time several hours ; that on the day named in the indictment the said company had no one present to remove the span and on that occasion the boat was delayed thirty hours.

" That the owners of the boat then had license from the proper government officers at Norfolk to run the said boat between Newbern and Kinston ; that the said railroad was a post road under the laws of the United States ; that at the time of the removal of the bridge a number of the employees of the company were standing on the bridge, forbidding its removal, near the defendants, who were standing on the boat below, two of whom had pistols in their hands, which were not pointed at any one.   That the company were then engaged in constructing a draw in said bridge and would have had the same finished in seven days ; that the bridge could have been kept open for defendants' boat during the construction of the draw, but only at a very considerable additional expense."

His Honor gave judgment upon the special verdict that the defendants were not guilty, from which the judgment the Solicitor for the State appealed.

*Attorney General Hargrove, Pou, Seymour* and *Lehman,* for the State.

*Smith & Strong,* for defendants.

READE, J.   The Neuse at the place under consideration is a navigable river.   Any obstruction of a navigable river is a common or public nuisance.   A common or public nuisance may be abated by any person who is annoyed thereby.   The railroad bridge across the Neuse obstructed the navigation thereof by the defendants' steamboat, and for that reason the defendants tore it down.   It follows that the defendants are not guilty.   It is not necessary to display the learning and decisions in support of these positions, although we have fully considered them, because they may be found collected in a

well considered case in our own Court, and we think it respectful and sufficient to support our decision in this case by that. *State* v. *Dibble,* 4 Jones 107.

It is insisted, however, that while an *individual* cannot obstruct a navigable stream, yet the *State* may do it on the inland streams unless Congress oppose; and here the State did authorize the railroad to build the bridge. It is true the State did authorize the railroad to build a bridge across the Neuse, but it did not authorize the bridge to be *so* built as to obstruct navigation, but required a draw to be in the bridge so as to permit navigation. This was not done.

It is further insisted that the defendants acted *wantonly,* for that the railroad was preparing a draw and would have completed it in a few days, about seven days. The facts are that defendants had given the railroad several months' notice to prepare a draw. Prior to the day in controversy, as often as the defendants' boat passed, the railroad removed a span of the bridge to permit the passage, detaining the boat but a few hours, but on the day in question the span was not removed and the boat was detained for thirty hours, when the defendants removed a portion of the bridge.

From these facts it appears that the obstruction was wanton and its removal necessary.

Let this be certified to the end that judgment may be entered discharging the defendants as upon a verdict of not guilty.

PER CURIAM.                                    Judgment affirmed.