LYLE et al. v. LITTLE et al.

(Supreme Court, General Term, First Department.　January 18, 1895.)

ADJOINING LANDOWNERS—OVERHANGING WALL.

> Where the owner of a lot erects a wall the foundation of which is wholly on his lot, but a part of which overhangs an adjoining lot, the adjoining owner will not be enjoined from removing so much of the wall as overhangs.

Appeal from special term, New York county.

Action by John S. Lyle and another against Joseph J. Little and others to enjoin defendants from removing parts of the northerly wall of plaintiffs' building.　A preliminary injunction was granted, and, on a motion to vacate the same, the following order was entered: "It is ordered that the said injunction hereinbefore granted be, and the same is hereby, vacated and annulled; and it is further ordered that the defendants, and each of them, and their and his servants, agents, and employés, be, and they hereby are, restrained and enjoined during the pendency of this action, or until the further order of the court, from in any manner interfering with, removing, or cutting away any part or portion of the wall on the northerly side of the building known as 'Number 471 Broadway and 44 Mercer Street,' in the city of New York, saving and excepting so much of said wall as extends, overhangs, bulges, or protrudes to the northward of the line between the premises on which said building stands and the premises adjoining on the north, or to the northward of points vertically over said line.　And this injunction shall not in any way be taken as restraining or enjoining the defendants, or either of them, or any one on their behalf, from cutting away or removing such part or parts of said wall, if any, as so extend, overhang, bulge, or protrude to the northward of said line or of points vertically above it."　From the portion of said order which reads as follows: "Saving and excepting so much of said wall as extends, overhangs, bulges, or protrudes to the northward of the line between the premises on which said building stands and the premises adjoining on the north, or to the northward of points vertically over said line;" and the portion which reads: "And this injunction will not in any way be taken as restraining or enjoining the defendants, or any one on their behalf, from cutting away or removing such part or parts of said wall as so extend, overhang, bulge, or protrude to the northward of said line or of points vertically above it,"—plaintiffs appeal.　Affirmed.

The opinion of Mr. Justice PATTERSON at special term is as follows:

It is stated in the complaint in this action that the wall, interference with which on the part of the defendants is enjoined by the temporary injunction, stands altogether upon the plaintiffs' land; and, if such is the fact, the injunction must be continued.　The question of title to the two inches of ground, which it is said the defendants intend to occupy by their wall, cannot be determined in this action.　The answering affidavits state, however, that the defendants have no intention of building beyond their own line; but, to prevent any further misunderstanding and dispute with reference to that subject, the in-

junction will be continued, to prevent any interferences with the plaintiffs' wall as it now stands, except as hereinafter stated.

It is claimed on the part of the defendants that there is an encroachment of the plaintiffs' wall, caused by its bulging or overhanging at various points about the foundation, over the land of the defendants, and that such bulging prevents the erection of a wall on their land, which shall be perpendicular from the foundation to the top of the building. This condition of the wall seems to be established. The plaintiffs have no right by prescription or otherwise to maintain the overhanging wall, so as to prevent the defendants erecting their building with a true perpendicular side wall, or to compel a change in their plans to accord with the defect in the plaintiffs' wall. To whatever cause this encroachment may be attributable, its existence cannot interfere with the defendants' rights, and there is no sound reason suggested why they should be obstructed in the occupation of space for their building which justly belongs to them. If, by cutting in the wall as the defendants propose to do, the plaintiffs' building may be rendered insecure, it is for them to see that it is made safe; and the answering affidavits show that the defendants have not only expressed a willingness, but that they are ready, to co-operate with the plaintiffs in any reasonable method of rendering the plaintiffs' building safe, and for that purpose the plaintiffs would be permitted to enter upon the defendants' land. It is somewhat indefinite from the papers at what part of the wall and to what extent this overhanging exists,—a matter which should be determined by an accurate survey of the wall, so that a proper provision may be made as to the parts of the wall in respect to which the injunction is not to apply. It would seem appropriate that such a survey should be procured from an officer of the department of buildings of the city of New York.

The injunction will be modified in the manner suggested, and the order may be settled on two days' notice.

Argued before VAN BRUNT, P. J., and O'BRIEN and FOLLETT, JJ.

J. Kling, for appellants.

A. B. Thacher, for respondents.

PER CURIAM. Order affirmed, with $10 costs and disbursements, on opinion of special term.

<hr>

(11 Misc. Rep. 633.)

ABRAM FRANCH CO. v. SHAPIRO.

(City Court of New York, General Term. March 19, 1895.)

SUPPLEMENTAL ANSWER—LACHES.
    An application for leave to file a supplemental answer alleging that plaintiff, being a foreign corporation, had failed to file the certificate required by law, will be denied on the ground of laches, where it was not made until 13 months after issue was joined, and the complaint alleged that plaintiff was a foreign corporation.

Appeal from special term.

Action by Abram Franch Company against Harris Shapiro. From an order granting leave to defendant to file a supplemental answer, plaintiff appeals. Reversed.

Argued before EHRLICH, C. J., and VAN WYCK and NEWBURGER, JJ.

Hayes & Greenbaum, for appellant.

Albert L. Phillips, for respondent.