THE CITY OF CHILLICOTHE, Respondent, v. LYDIA A. BRYAN et al., Appellants.

Kansas City Court of Appeals, December 7, 1903.

1. **NUISANCES: Abatement: Injured Party: Excess.** Any person injured by a nuisance has the right to abate the same, but in so doing must not be guilty of excess; and, on the facts in the record, the obstruction of a sewer is held to have been excessive, since it created a nuisance in every house connected therewith.

2. ——: ——: **Estoppel.** A party selling lots with the representation that they would have the benefit of sewerage connection, is estopped thereafter to obstruct such sewerage.

3. ——: **Maintenance: Landowner's Consent: Agreement.** The city has no right to maintain a nuisance by a sewer on the land of one not consenting thereto, and this notwithstanding an agreement to put the sewer on the complainant's land.

4. ——: **Prescription: Permission.** The maintenance of a sewer across land for over ten years under a permission granted, does not give a prescriptive right since it is not adverse to the landowner.

Appeal from Livingston Circuit Court.—*Hon. J. W. Alexander*, Judge.

AFFIRMED.

*Lewis A. Chapman* for appellants.

(1) The testimony in the case showed that the discharges from said sewer of the foul matter and water on the land of the defendants created a nuisance to the great damage and injury of the defendants' land, pre-

venting them from having the use of the same for their stock, and that the said discharges depreciated the value of their land. It was a private and public nuisance and should have been abated. If the city refused to abate or remedy the nuisance the defendants can not be blamed if they take the remedy into their hands. Preserve Co. v. Beeman, 60 S. W. 849, s. c., 22 Ky. Law Rep. 1527; Sulphur and Copper Co. v. Barnes, 60 S. W. 593; Van Fosseau v. Clark, 52 L. R. A. 279; Kissel v. Lewis, 156 Ind. 233, s. c., 59 N. E. 478; Paper Co. v. Comstock, 58 N. E. 79; Griffith v. Holman, 63 Pac. 239, s. c., 23 Wash. 374. (2) The creation of stenches and noisome odors has been recognized always as a nuisance. 16 Am. and Eng. Ency. Law, p. 952; Wood on Nuisances, p. 650. (3) No one can acquire a prescriptive right to maintain a nuisance. Smith v. Sedalia, 152 Mo. 283. (4) A municipal corporation has no right to create or maintain a nuisance. Chapman v. Rochester, 1 L. R. A. 296; Dwight v. Hans, 150 Ill. 273; Robb v. LaGrange, 158 Ill. 21; Schnier v. Johnson, 71 Hun 232. (5) That the same use as to right and extent has been the same all the time lies at the foundation of the right to invoke the doctrine of prescription in support of nuisances of this kind. 16 Am. and Eng. Ency. of Law, 999; Wood on Nuisance (1 Ed.), sec. 705; Wood on Limitation, sec. 182; Holsman v. Boiling S. P. B. Co., 14 N. J. E. 343; Postlewait v. Payne, 8 Ind. 104; Janssen v. Lammers, 29 Mo. 89; Russel v. Scott, 9 Cowen 278; Roundtree v. Brantley, 34 Ala. 544. (6) No right became vested in the city of Chillicothe by the mere silent acquiescence of the owners of the premises in permitting at the first the drainage to be carried in the premises and afterwards the continuance of the nuisance; at most in this case, it was a license revocable when it became troublesome, or a nuisance. The city got permission with that understanding. Pitzman v. Boyce, 111 Mo. 387; Burton v. Railroad, 50 Mo. App. 426; House v. Montgomery, 19 Mo. App. 170; Cobb v. Smith, 38 Mo. 21. (7) If the

evidence establishes the fact that the discharge of all this foul matter in one spot in the city limits is a public nuisance, the city of Chillicothe, Missouri, could never gain prescriptive immunity to maintain it. 16 Am. and Eng. Ency. of Law, 995; Wood on Nuisance (1 Ed.), sec. 724; Cooley on Torts (2 Ed.), p. 731; Tunk v. St. Louis, 122 Mo. 139; Givens v. Van Studiford, 86 Mo. 158; Wood on Nuisance (2 Ed.), secs. 736-737; Glessner v. Anheuser-Busch, 100 Mo. 516; Edmondon v. Moberly, 98 Mo. 526.

*J. M. Davis & Sons,* and *Paul D. Kitt* for respondent.

(1) That plaintiff has acquired the right to maintain this sewer and discharge the sewage therefrom into the water course on the land of the defendants by prescription, because if it be true, as alleged in the answer of the defendants and their statement, that this sewer was only to be used as a cellar drain, the respondents having, under claim of right, for more than twelve years before the institution of this suit used it for the purpose of carrying off all kinds of sewerage, and the right to do so has been acquired by prescription. (2) Respondent, having continuously and uninterruptedly under a claim of right, with the knowledge and acquiescence of the owner, used it as a sewer for more than ten years prior to the institution of this action, and sold rights for perpetual use thereof to private persons, who, with defendants' knowledge, have made valuable improvements on the faith of it, plaintiff's rights thereto have for this additional reason become fixed by prescription. (3) The defendants having waived their claim for compensation and having allowed the land to be appropriated and used for more than twelve years without objection and without insisting on a claim for damages, respondent has acquired the right to maintain the sewer by reason of the waiver of prepayment of compensation for damages caused by the sewer, and defend-

ants are now estopped from ousting plaintiff. (4) The defendants by their conduct in standing by and seeing Beeman take two taps (one his own and one for the Loomis property), Tracy, Atwell, Alexander (Minor property), and Conger (Sheetz property), each take taps and each expend hundreds of dollars in putting in improvements in the way of closets, bath rooms, etc., which are only useful by reason of this sewer connection, and seeing and permitting the city to make contracts with these persons for perpetual connection with this sewer and discharge of the sewage from their premises through the same without objecting, are now estopped from destroying the sewer.

BROADDUS, J.—The plaintiff, a municipal corporation of this State, by injunction seeks to restrain the defendants from obstructing a certain city sewer.

In the year 1889 plaintiff, in pursuance of a certain ordinance, constructed a sewer located as follows: Commencing in Polk street opposite to the alley passing through block 14, King's Addition to the city of Chillicothe, thence north through said alley to the channel of natural drainage north of block 16, also in King's Addition. The plaintiff has maintained and used the same for sewerage purposes from that time to the beginning of the suit, except for several short periods during which the defendants obstructed the same at its outlet. This sewer empties upon the land of defendant Lydia A. Bryan. It appears that in each instance when defendants obstructed the sewer plaintiff caused it to be opened. But it is alleged that defendants threaten to obstruct it again and will do so unless restrained.

It is admitted that there was no condemnation of the land for sewer purposes and no money paid to Mrs. Bryan therefor. It is admitted, however, that she consented to its location and construction on her land. A number of persons who own dwellings in the vicinity of the sewer have made connection with it for general

drainage purposes, and the said obstructions cause the contents of the sewer to flow back into the basements of these dwellings.

On the other hand, while it is admitted that the sewer was constructed with the consent of Mrs. Bryan, it was understood at the time she so gave her consent that the sewer was to be used for drainage of cellars only, or was to be taken up if it proved a nuisance, or that plaintiff would take such precaution as would prevent it from becoming a nuisance.

The sewer empties into a natural drain or small stream of water on Mrs. Bryan's land where her cattle and hogs obtained drinking water. The preponderance of the evidence was, that the contents passing through the sewer and emptying on the Bryan land were foul and noxious; but there was also evidence that such was not the case except to a limited extent and that proper flushing would practically keep it free from bad odors.

At the time Mrs. Bryan gave permission to the city to lay the sewer through her land she owned certain lots of ground in block 1, fronting said block 16; and it was in evidence that for the purpose of inducing persons to purchase her said lots, she represented to them that they would have, if they bought her said lots, the advantage of drainage by connecting with said sewer; that she constructed a sewer from the cellar of her own dwelling to connect with one constructed by two other persons for general purposes of drainage from their dwellings that did connect with the sewer in question; and that she allowed another person to connect a sewer from his dwelling with her own. Finally, many dwellings in the neighborhood made sewer connections with the sewer in question.

There was some evidence on defendants' part tending to show that when Mrs. Bryan gave permission to the city to lay the sewer on her land that it was understood that it was to be used to drain cellars only, and the preponderance of the evidence was to the effect, as al-

ready stated, that the city would take such action as would prevent it becoming a nuisance, either by taking it up or extending it further.

Defendants had at different times before complained to the city authorities of the unwholesome condition of the sewer. And it was in proof that the sewer as maintained depreciated the value of the Bryan land and that the sewerage mixed with and contaminated the running water in said stream to such an extent as made it unhealthy for defendants' cattle and hogs, it making them sick.

The court found for plaintiff and made the temporary injunction theretofore issued permanent, and defendants appealed.

The evidence was conflicting but the preponderance was that it was agreed at the time Mrs. Bryan gave her permission to the city to lay the sewer that the city would prevent it from becoming a nuisance and if necessary would construct it further on. The city was put to some expense necessarily in the construction of the sewer and its utility is clearly established. Having consented to the location of the sewer on her land, the question arises: was Mrs. Bryan justified under the circumstances in obstructing it?

There is no doubt about any person injured by a nuisance having the right to abate the same; but in so doing he must not be guilty of any excess. Wood on Nuisances, vol. 2, sec. 844. The defendants in this case by obstructing the outlet of the sewer went further than the circumstances justified them. The evidence disclosed the fact that the obstruction of the sewer caused the water and filth therein to flow into the cellars of persons who had sewer connections, which damaged their property and rendered them unhealthy. As has been seen, the city constructed the sewer for the benefit, in part at least, of the persons living in that vicinity, and they were led to believe that they had the right to connect with it for sewerage purposes, not only by the

city but by Mrs. Bryan as well. It may be that she understood when she gave the license in question that the sewer was only to be used for drainage of cellars but she must have known that to obstruct the outlet was to inflict damage upon the persons so connecting their residences with said sewer, including those with whom she had connected her own drain or sewer. We do not think there is any authority that justifies the action of the defendants in obstructing said sewer and thereby creating in every dwelling connected with the same by sewer a separate nuisance.

And the acts of Mrs. Bryan in representing to the purchasers of her said lots that they would have the benefit of sewerage connection with the one in question and connecting her own dwelling with it, are acts wholly at variance with the idea that she would have the right to obstruct the sewer. She was estopped by her own acts, whatever may have been the original understanding.

And it is equally clear that whatever may have been such understanding, the plaintiff has no right to maintain a nuisance upon her land without her consent, as we think the evidence conclusively shows. Notwithstanding there is some evidence that the sewer is not a nuisance, the preponderance is to the contrary, and it is not conceivable how it could be otherwise.

And further, we hold that the city has not acquired by prescription the right to maintain the nuisance in question because it has maintained the sewer for a period of over ten years. The law is, that prescription does not exist where the use is by permission alone and not adverse. Jones on Easements, p. 179; Pitman v. Boyce, 111 Mo. 387.

There can be no reasonable doubt but what defendants have mistaken their remedy. The courts afford them ample redress.

The judgment of the court was right under the facts and it is therefore affirmed. All concur.