## J. B. WALKER *v.* J. K; P. DAVIS.

### (*Nashville.* December Term, 1917.)

1. **FORCIBLE ENTRY AND DETAINER.** Nuisance. Private nuisance. Abatement.

Where one was in actual possession of land under a deed defining its boundaries, his possession was violated when another fenced in a part of the land, and thus erected a private nuisance thereon, so that right of action accrued to him to proceed by forcible entry and detainer, or to abate the nuisance. (*Post, p.* 477.)

Cases cited and approved: Earl of Lonsdale v. Nelson, 2 B. & C., 311; Amoskeag Co. v. Goodale, 46 N. H., 53; Rhea v. Forsyth, 37 Pa., 503; State v. Parrott, 71 N. C., 311; Adams v. Barney, 25 Vt., 225; Roberts v. Rose, L. R.; 1 Ex., 82; Penruddock's Case, 5 Coke, 101; Harvey v. Dewoody, 18 Ark., 252; Moffett v. Brewer, 1 G. Greene (Iowa), 348; State v. Moffett, 1 G. Greene (Iowa), 247; Gates v. Blincoe, 2 Dana (Ky.), 158; City of Chillicothe v. Bryan, 103 Mo. App., 409; Great Falls Co. v. Worster, 15 N. H., 412; Lawrence v. Hough, 35 N. J. Eq., 371; Lyle v. Little, 83 Hun (N. Y.), 532; Harrower v. Ritson, 37 Barb. (N. Y.), 301; Lancaster Turnpike Co. v. Rogers, 2 Pa., 114.

2. **NUISANCE.** Private nuisance. Abatement.

One having a right of action for a private nuisance on his land created by another may help himself personally by abating it, if he can do so without a breach of the peace. (*Post, pp.* 477-480.)

3. **REPLEVIN.** Plaintiff's right of possession. Change.

Complainant, in extending his fence over land in defendant's possession and leaving it there, created a private nuisance, and did not effect a lawful change of possession, so as to entitle him to replevy logs and timber cut and removed from the land by defendant on his abating the nuisance by tearing down the fence. (*Post, pp.* 480-481.)

Case cited and approved: Lieberman v. Clark, 114 Tenn., 117.

4. **REPLEVIN.** Right of possession. Title.

Where one claiming a tract of land to limits of the boundary shows
an actual possession under a deed defining boundaries, when
another invades it, fells timber, and cuts it into logs, he may
replevin the logs left on the ground, and it is unnecessary for
him to show title, and a similiar showing is also sufficient to de-
feat replevin against him by the invader for logs cut from the
land. (*Post, pp.* 481, 483).

Case cited and approved: Wheeler v. Clark, 69 L. R. A., 732.

FROM CLAY.

Appeal from the Chancery Court of Clay County.
—A. H. ROBERTS, Chancellor.

W. R. OFFICER and M. C. SIDWELL, for plaintiff.

E. C. KNIGHT and JNO. H. MCMILLIN, for defendant.

MR. CHIEF JUSTICE NEIL delivered the opinion of
the Court.

Defendant Davis and those under whom he claimed
had been in the actual possession of the tract of
land on which he was living at the time the present
controversy arose, for very many years, under
deeds purporting to convey an estate in fee, and
claiming to the full extent of the boundaries de-
scribed therein. Complainant, some years after the

defendant had entered upon the land under his deed defining boundaries, and after defendant had thus obtained the actual possession to the limit of the boundaries, secured a deed for another tract, the calls of which at one point, to a depth of fifty or sixty yards, overlapped defendant's possession. Thereafter complainant proceeded to fence the land so covered by his deed with a wire fence, and extend this wire over upon the defendant's possession, in a half-moon shape, to the depth above indicated, so as to take in a part of the land covered by defendant's prior deeds and possession. The complainant then entered upon this half-moon sector and cut valuable timber standing thereon, and sawed it into the customary log lengths, but left the logs lying on the ground.

While matters were in this state, the defendant entered upon the sector, and, without a breach of the peace, tore away the wire fencing, removed the logs the complainant had left on the ground, and felled other trees standing on the same sector, sawed them into logs, and removed the logs. Thereupon the complainant brought his replevin suit in the chancery court to recover all of the logs. The chancellor decreed in favor of the defendant, and on appeal the court of civil appeals affirmed the decree.

The decree was obviously correct on the following principles: The defendant being in actual possession of land by residence thereon under a deed defining

boundaries, and claiming to the limit of the stated bounds, and so in actual possession of the whole tract lying within the bounds, the complainant violated that possession when he built his wire fence in the manner stated, and so erected a private nuisance on the land thus occupied by the defendant. A right of action at once accrued to the defendant. to institute proceedings in forcible entry and detainer, or proceedings in court to abate the nuisance. When such is the case, that is, when the law gives a right of action for redress under the facts, the party may also help himself by personally abating the nuisance, if he can succeed in effecting this result without a breach of the peace. 2 Wood on Nuisances (3 Ed.), pp. 1282-1286, embracing sections 844, 845, 846. See, also, the following cases cited under section 844; Baten's Case, 9 Coke, 55; *Earl of Lonsdale* v. *Nelson,* 2 B. & C., 311, per Best, J.; *Amoskeag Co.* v. *Goodale,* 46 N. H., 53, 56; *Rhea* v. *Forsyth,* 37 Pa. St. 503, 78 Am. Dec., 441; *State* v. *Parrott,* 71 N. C., 311, 17 Am. Rep., 5; *Adams* v. *Barney,* 25 Vt., 225; *Roberts* v. *Rose,* L. R., 1 Ex. 82; *Penruddock's Case,* 5 Coke, 101, n, a and b.

In *Brown* v. *Perkins,* 2 Gray (Mass.) 89, it was said by SHAW, Chief Justice: "The true theory of abatement of nuisance is that an individual citizen may abate a private nuisance injurious to himself when he could also bring an action; and also, when a common nuisance obstructs his individual right, he may

remove it to enable him to enjoy that right, and he cannot be called in question for so doing.''

"This," says Burdick in his Law of Torts, "is not only one of the most ancient forms of self-help, but also one of the most important at the present time." Id., p. 194. As showing the ancient character of the right, the author cites the following passage from Bracton, De Legibus Angliæ, Lib. 3, p. 233:

"But those things which have thus been raised to cause a tortious nuisance . . . may be immediately and recently whilst the misdeed is flagrant (as in the case of other disseysines) demolished and thrown down . . . if the complainant is sufficient to do it; but if not he must have recourse to him who protects rights."

The right, however, though very clear and of very ancient origin, must be used, as all of the authorities hold, with great care to avoid the commission of any excess, and all breaches of the peace. The counsel therein given is, that it is best to proceed by court action, rather than by one's own act. Nevertheless, the right exists, and in a proper case may be exercised. See the following cases in addition to those cited supra: *Harvey* v. *Dewoody,* 18 Ark., 252; *Moffett* v. *Brewer,* 1 G. Greene (Iowa), 348; *State* v. *Moffett,* 1 G. Greene (Iowa), 247.; *Gates* v. *Blincoe,* 2 Dana (Ky.), 158, 26 Am. Dec., 440, and note; *City of Chillicothe* v. *Bryan,* 103 Mo. App., 409, 77 S. W., 465; *Great Falls Co.* v. *Worster,* 15 N. H., 412, 439; *Lawrence* v. *Hough,* 35 N. J. Eq., 371;

*Lyle* v. *Little,* 83 Hun (N. Y.), 532, 33 N. Y. Supp., 8; *Harrower* v. *Ritson,* 37 Barb. (N. Y.), 301; *Lancaster Turnpike Co.* v. *Rogers,* 2 Pa. St., 114, 44 Am. Dec., 179.

The complainant's act of violence in extending his fence over upon land in the defendant's possession, and leaving the fence there, created a private nuisance, and did not effect a lawful change of the possession. So, when defendant had abated the nuisance, and had thus removed the obstruction, he was within his rights when he carried off the logs lying on the ground, and cut down other trees on the same land, turned them into logs, and removed these. The complainant, by his illegal act in committing the nuisance, acquired no right to the possession of the timber, and therefore had nothing on which to base his action of replevin. On this ground we think the decree of the Chancellor and of the court of civil appeals should be affirmed.

These two courts based their decrees on the ground that defendant had been in possession of the land on which the timber grew, himself, and those under whom he claimed, for more than seven years, and for more than twenty years claiming, to the boundaries, under deeds purporting to convey an estate in fee, and so had acquired title; that the timber growing on the land was a part thereof, and so title to it was in defendant; that title implied the right to possession; and that complainant's felling the timber and cutting it into sawlogs could not change the title, or impair the right of possession implied from title, and so the

logs were the property of the defendant, and he was entitled to their possession. The complainant's opposing theory was that he had acquired possession of the timber by erecting the fence, that the title to the land was not involved, and that his remedy was in replevin, and relied on *Lieberman* v. *Clark,* 114 Tenn., 117, 85 S. W., 258, 69 L. R. A., 732.

It was held in the case cited that where one's timber is taken from land of which he has actual possession under color of title, he may obtain redress by the writ of replevin by simply proving his right of possession without raising the question of the title to the land on which the timber was standing when it was felled and taken, though it was conceded that sometimes it may be essential to show title to the land in order to show title to the timber which it produced and a right to the possession thereof.

So, in the case before us, if the defendant, instead of adopting the plan of "self-help" which he did adopt, had brought replevin for the logs that complainant left on the ground, he could have succeeded merely by showing that he was in the actual possession of the land at the time the complainant invaded it, and felled the timber, and cut it into logs. That would have made a practical parallel of the case of *Lieberman* v. *Clark.* It would not have been necessary for him to go further and show title. True, by showing title he would have done no harm, but only produced more evidence than was necessary to maintain the case.

139 Tenn.—31

,When *Lieberman* v. *Clark* was decided, it was believed that the fundamental°principle there announced (supported by the great weight of authority; and on this point, also, see note to the same case as reprinted in 69 L. R. A., 732, *sub· nom. Wheeler* v. *Clark* would prove very beneficial toward quieting land litigation in the 'State, for the reasons fully stated in the opinion, and which need not be repeated here. The result has justified the belief we entertained at the time.

We should not deem it necessary to refer in so much detail to *Lieberman* v. *Clark,* but for the fact that the learned chancellor, who decided the case now before us for review, seems to have ignored that authority, and the learned court of civil appeals used some expressions in its opinion that seem to indicate a misconception of the meaning of that decision.

Recurring now to the facts of the present case: It was sufficient, we repeat, to prove that defendant was in actual possession of the land under a writing defining its boundaries, and was claiming to the limits of the boundary at the time the land was invaded, and the timber felled. Such evidence showed possession, and right of possession, of the timber at that time, and that complainant was in the wrong. It was not necessary that defendant should go further and show title. The chief principle enunciated in *Lieberman* v. *Clark* was that an aggressor could not by entering on land occupied by another and taking timber therefrom force the latter, in order to obtain redress, to

Walker v. Davis.

expose his title to the hazards of litigation. The dangers of such an enterprise are pointed out in the case just referred to.

However, there is no error in the result reached by the chancellor and the court of civil appeals, and those decrees are affirmed, with costs.